UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MONIQUE WILLIAMS,**<br>Plaintiff,<br>vs.<br>**AMF BOWLING CENTERS, INC., ET AL.,**<br>Defendants. | CASE NO. 19-cv-07557-YGR<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT AND REMANDING TO STATE COURT**<br>Re: Dkt. No. 18 |

Plaintiff Monique Williams brings this action arising out of the alleged November 19, 2016 shooting and death of her son, Antwaun Williams, on the premises of defendant AMF Bowling Centers, Inc. ("AMF"). Plaintiff filed this action on November 16, 2018 in Alameda County Superior Court, alleging causes of action for negligence and premises liability. On July 31, 2019, the state court granted plaintiff's motion to add AMF as a Doe defendant. AMF subsequently filed its answer and a cross-complaint against Nesctc Security Agency LLC ("Nesctc"). Plaintiff amended the complaint substituting Nesctc for a Doe defendant. The case was removed to federal court on November 16, 2019. On November 22, 2019, Nesctc filed its answer and a cross-complaint against Bay Valley Security Inc. in state court. Plaintiff now seeks to amend the complaint to add Bay Valley Security Inc.; Bay Valley Security, LLC; and George Odhiambo, an alleged part owner, member/manager, and director of Bay Valley Security Inc., as defendants.

28 U.S.C. section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) the party to be joined is necessary for just adjudication; (2) plaintiff would be barred by a statute of limitations from bringing claims against the new defendant in state court; (3) there has been unexplained delay in seeking joinder; (4) plaintiff's purpose in seeking joinder is dilatory;

(5) the claims against the new defendant appear valid; and (6) denial of joinder will prejudice plaintiff. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). Under Federal Rule of Civil Procedure Rule 15(a) permission to amend should be "freely given when justice so requires."

Here, AMF opposes amendment in large part on the ground that plaintiff's motion was not timely brought. Plaintiff became aware of the proposed new defendants on or around November 22, 2019. On March 30, 2020, plaintiff's counsel informed the Court that she intended to amend the complaint to add the defendants. At the time, it was not yet known whether defendants would oppose, which explains the further delay in filing of the motion. Thus, plaintiff is responsible for approximately four months of delay in filing the motion. Given that the case is still in its relatively early stages, with neither party having filed dispositive motions or conducted any discovery, the Court declines to find undue delay in filing of the motion. *See Watson v. Ford Motor Co.*, No. 18-CV-00928-SI, 2018 WL 3869563, at *2 (N.D. Cal. Aug. 15, 2018) ("[T]he Court does not find that the six month delay from the filing of the complaint to plaintiff's request for amendment amounts to undue delay.").

With respect to Odhiambo, AMF argues that plaintiff has not stated any basis to add him as a defendant other than to defeat diversity. Even without Odhiambo, however, plaintiff would defeat diversity by adding BVS Inc. and Bay Valley Security, LLC to this case. Further, plaintiff's allegation that Odhiambo is a part owner, member/manager, and director of BVS Inc. is sufficient, at this juncture, to warrant his inclusion in the case. Although the Court reaches no conclusion about whether plaintiff will successfully state a claim against Odhiabmo, amendment does not appear to be for any fraudulent or dilatory purpose.

Moreover, the Court notes that denial of the motion may deprive plaintiff of the opportunity to recover fully by naming all relevant tortfeasors in a single action. Alternatively, plaintiff has represented that absent amendment, she may be forced to file a parallel, redundant second lawsuit in state court against the proposed new defendants.[1] On the other hand, AMF has

---

[1] California Rule of Court 3.1324 requires, among other things, that a movant file a copy of the proposed amended complaint and a declaration stating the effect of amending the pleading,

2

1  not demonstrated that it would be prejudiced by the inclusion of defendants, who allegedly are
2  responsible, at least in part, for the incident at issue in this case.
3       For the foregoing reasons, the Court **GRANTS** plaintiff's motion for leave to file a first
4  amended complaint adding Bay Valley Security Inc.; Bay Valley Security, LLC; and George
5  Odhiambo as defendants.  The inclusion of these California defendants destroys diversity.  Thus,
6  the Court **REMANDS** this case to the Alameda County Superior Court.  The Clerk of Court is
7  directed to remand the case and close the file.[2]
8       This Order terminates Docket Number 18.
9       **IT IS SO ORDERED.**

11  Dated: May 22, 2020

                                                  **YVONNE GONZALEZ ROGERS**
                                           **UNITED STATES DISTRICT COURT JUDGE**

---

why the amendment is necessary and proper, when the facts giving rise to the amended allegations were discovered, and the reasons why the request to amend the complaint was not made earlier. AMF contends that plaintiff has failed to comply with this rule.  While the Court is mindful of plaintiff's failure to file a copy of the proposed amended complaint, the statements of the parties at the March 30, 2020 case management conference, combined with the papers submitted in connection with the motion, provide the Court with sufficient information about the substance of the proposed amendments and the basis for the motion.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this decision appropriate without a hearing.